UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID AMOROSO,

    Petitioner,

v.                                                                       Case No. 6:04-cv-1039-Orl-18JGG

JAMES B. CROSBY, JR., et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner then filed a reply to Respondents' response to the petition (Doc. No. 16).

Petitioner alleges three claims for relief in his habeas petition: one claim that the trial court denied his motion to withdraw the plea because it erroneously construed the motion as a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 and two claims of ineffective assistance of counsel.

*I.  Procedural History*

Petitioner was charged in Brevard County in three separate cases with two counts of burglary, three counts of dealing in stolen property, one count of giving false verification of ownership when dealing with a pawnbroker, and one count of grand theft, respectively in violation of sections

810.02(1), (3); 810.07; 810.019(1); 539.001(8)(b)8.a; and 810.014(1), (2)(d), Florida Statutes. On December 8, 2000, pursuant to a written plea agreement, Petitioner pled no contest to all the charges. Pursuant to the terms of the plea agreement, the trial court deferred sentencing until March 6, 2001.

Petitioner failed to appear on March 6, 2001, for his sentencing. He was subsequently arrested in Broward County on an unrelated charge and was returned to Brevard County to be sentenced for the offenses to which he had pled no contest on December 8, 2000.

On October 12, 2001, the trial court imposed a sentence of twenty years for one of the counts of burglary, ten years for the other count of burglary, ten years for two of the counts of dealing in stolen property, ten years for the remaining count of dealing in stolen property, five years for the count of giving false verification of ownership when dealing with a pawnbroker, and five years for the count of grand theft. The trial court ordered all of the sentences to run concurrently except that the sentences were to run consecutively to any sentence Petitioner was already serving.

On October 22, 2001, Petitioner filed a notice of appeal. The Fifth District Court of Appeal dismissed the appeal on December 28, 2001, for failure to file an affidavit of insolvency or pay the filing fee.

On October 30, 2001, while the direct appeal was pending, Petitioner filed a motion to withdraw the plea, which the trial court construed as a motion for postconviction relief. In the motion, Petitioner asserted that the plea should be withdrawn because he suffered from a mental disorder and was not taking his prescribed medication at the time of the plea, he entered the plea agreement based on ineffective assistance of counsel, and private counsel retained by Petitioner after the entry of the plea provided ineffective assistance by (a) failing to file a motion to withdraw the plea, (b) failing to appear at a hearing, and (c) arriving late to a hearing. The trial court denied the motion to withdraw the plea on February 27, 2002. On March 28, 2002, Petitioner filed a notice of

2

appeal with the Fifth District Court of Appeal, which affirmed the trial court's denial of the motion *per curiam* on May 14, 2002. Mandate issued on May 31, 2002.

Petitioner filed an amended motion to withdraw the plea and a motion for rehearing, both of which were denied as untimely by the trial court on April 22, 2002. On May 3, 2002, Petitioner filed a notice of appeal from the trial court's denial of the amended motion to withdraw the plea and the motion for rehearing. The appeal was given a separate appellate case number. On November 26, 2002, the Fifth District Court of Appeal affirmed the trial court's decision *per curiam*. Petitioner then filed a motion for clarification, which the appellate court denied on January 3, 2003. Mandate issued on January 23, 2003.

On January 22, 2003, Petitioner filed a third motion for postconviction relief, alleging that his plea was involuntary because he did not understand the terms of the "Quarterman" release as provided in the plea agreement. The trial court denied the motion as successive on May 5, 2003. Petitioner filed a motion for rehearing, which the trial court denied. Thereafter, on July 7, 2003, Petitioner appealed the trial court's decision to the Fifth District Court of Appeal, which affirmed *per curiam* on September 23, 2003. Mandate issued on October 10, 2003.

## II. Analysis

### A. Procedural Default

Federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[1] or (2) are not exhausted but would clearly be barred if returned to state court.[2] Thus, "[f]ederal courts are

---

[1] *Harris v. Reed*, 489 U.S. 255, 261 (1989).

[2] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order

precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993) (citation omitted).[3]

There are two exceptions to the procedural default bar. The first is the "cause and prejudice" exception;[4] the second, which is a narrow one, is the "actually innocent" exception, also known as the "fundamental miscarriage of justice" exception, used in extraordinary circumstances. *See Johnson v. Singletary*, 938 F.2d 1166, 1174-75 (11th Cir. 1991), *cert. denied*, 506 U.S. 930 (1992).

### 1. Claim One

In claim one, Petitioner asserts that the trial court erroneously denied his motion to withdraw his plea after improperly construing it as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Petitioner contends that the trial court incorrectly determined that he filed the motion to withdraw the plea on November 13, 2002, when the motion was actually filed on October 31, 2001.

Petitioner raised this claim on appeal to the Fifth District Court of Appeal, but he did not present the claim in terms of a federal constitutional right. The doctrine of exhaustion of state

---

to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

[3]Furthermore, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994), *cert. denied*, 513 U.S. 1185 (1995).

[4]*See Engle v. Isaac*, 456 U.S. 107, 129 (1982) ("when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain habeas relief absent a showing of cause and actual prejudice.").

4

remedies requires state prisoners to have "'fairly [presented] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Therefore, to fully exhaust state remedies the petitioner must notify the state court that the claims assert federal constitutional issues. *Id.*; *see also Anderson v. Harless*, 459 U.S. 4, 5-6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.").

In the instant case, Petitioner only apprised the state court that the instant claim involved an alleged violation of state law. *See* App. C at 1-5, 11-12; App. D; and App. G. Petitioner did not notify the state court that he was asserting this claim pursuant to the United States Constitution.[5] As such, this claim is not exhausted and is procedurally defaulted. *See* Fla. R. Crim. P. 3.850(b) (a motion for postconviction relief shall not be considered if filed more than two years after the judgment and sentence become final). Furthermore, Petitioner has not shown either cause or

---

[5] In a motion for clarification, Petitioner asserted that he was denied procedural and substantive due process as provided by the Fifth, Sixth, and Eleventh Amendments of the United States Constitution. *See* App. H at 4. The purpose of a motion for clarification, however, is to permit the appellate court to clarify specific points of law or fact in the appellate court's decision which needs to be clarified, not to raise new matters not previously asserted. *See* Fla. R. App. P. 9.330; *see also* Fla. R. App. P. 9.225. Furthermore, Florida courts have refused to consider arguments that were not raised in the initial appellate brief because they are not properly before the appellate court. *See, e.g., Atkinson v. State*, 791 So. 2d 537, 538 (Fla. 2d DCA 2001). As such, Petitioner's purported constitutional claim was not raised in a manner permitted by state procedural rules and Petitioner cannot rely on this statement to establish that he exhausted claim one in the state court. *See Alderman*, 22 F.3d at 1549.

prejudice that would excuse the default. Likewise, he has neither alleged nor shown that the actual innocence exception applies. Accordingly, this claim is procedurally barred.

### 2. *Claim Two*

In claim two, Petitioner asserts that the public defenders appointed to represent him provided ineffective assistance of counsel by failing to (a) withdraw his plea of guilty, (b) investigate the case or his mental health, (c) provide legal assistance in obtaining medical health treatment, and (d) conduct a thorough factual analysis or discovery of the case.

In his motion to withdraw the plea, which the trial court construed as a motion for postconviction relief, Petitioner raised a claim of ineffective assistance of counsel resulting from the representation he received from the public defenders appointed to his case. In the motion, Petitioner simply asserted that he received ineffective assistance of counsel when the plea agreement was entered. The trial court denied relief on this claim, concluding that Petitioner did not specifically assert factual allegations to support the claim. *See* App. B at 9. The Fifth District Court of Appeal affirmed *per curiam*.

Federal habeas petitioners are prohibited from presenting particular factual instances of ineffective assistance of counsel that were not presented to the state courts. *See Kelley v. Sec'y for Dept. of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004). "Furthermore, habeas petitioners cannot preserve otherwise unexhausted, specific claims of ineffective assistance merely by arguing that their lawyers were ineffective in a general and unspecified way." *Id.* Accordingly, in order to preserve a claim of ineffective assistance of counsel for federal habeas review, the petitioner is required to "assert this theory of relief and transparently present the state courts with the specific acts or omissions of his lawyers that resulted in prejudice." *Id.*

6

Petitioner raised the instant claim of ineffective assistance of counsel in the state court, but did not allege how the public defenders were ineffective. Therefore, he did not exhaust this claim, and the claim is procedurally defaulted. *See* Fla. R. Crim. P. 3.850(b). Furthermore, Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, he has neither alleged nor shown that the actual innocence exception applies. Accordingly, claim two is procedurally barred.

### 3. *Claim Three*

In claim three, Petitioner asserts that the private attorney he retained provided ineffective assistance of counsel by failing to: (a) appear for hearings, (b) move to withdraw his plea of guilty, and (c) visit or consult with him. Petitioner raised grounds (a) and (b), but not ground (c), in the state court proceedings.

With respect to ground (c), Petitioner failed to exhaust this claim because he did not raise it in the state court, and the claim is procedurally defaulted. *See Kelley*, 377 F.3d at 1344; *see also* Fla. R. Crim. P. 3.850(b). Furthermore, Petitioner has not shown either cause or prejudice that would excuse the default. He has also neither alleged nor shown that the actual innocence exception applies. Accordingly, Petitioner's claim of ineffective assistance of counsel based on counsel's alleged failure to visit or consult with Petitioner is procedurally barred.

Petitioner did raise grounds (a) and (b) as bases for his claim of ineffective assistance of counsel, and the trial court denied the claim on the merits pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). The trial court reasoned that counsel's alleged tardiness or failure to appear had no affect on the sentence imposed. The trial court further determined that Petitioner was not prejudiced by counsel's failure to file a motion to withdraw the plea because Petitioner was able to

attack the voluntariness of his plea in a subsequent postconviction motion.[6] The state appellate court affirmed the trial court's decision.

Section 2254(d), Title 28 of the United States Code provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas

---

[6] The trial court considered Petitioner's claim that the plea was involuntary because he allegedly suffered from a severe mental disorder and was not taking his prescribed medications when the plea was entered. The trial court denied relief on the claim, reasoning that Petitioner had failed to show that the plea was involuntary because he had responded negatively when asked during the plea colloquy if he had any mental or emotional conditions that would prevent him from entering into the agreement. The trial court relied on state law in denying the claim.

petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id.* at 835-36; 28 U.S.C. § 2254(e)(1).

The Eleventh Circuit has applied the test established by the Supreme Court in *Strickland* to guide its analysis of ineffective assistance of counsel claims. *See, e.g., Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000). Pursuant to *Strickland*, to maintain a claim for ineffective assistance of counsel, the defendant must demonstrate that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness" and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 688.

In the instant case, Petitioner has neither alleged nor established that the state court's denial of this claim was either contrary to a United States Supreme Court decision, or constitutes an unreasonable application of established federal law. The state court applied *Strickland* and determined that Petitioner had not established prejudice because he was unable to show that but for counsel's conduct, the outcome of the proceeding would have been different. Accordingly, the Court concludes pursuant to 28 U.S.C. § 2254(d) that the state court's denial of Petitioner's claim of ineffective assistance of counsel pursuant to *Strickland* was not an unreasonable application of federal law or an unreasonable determination in light of the facts presented.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by David Amoroso (Doc. No 1, filed June 28, 2004) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.   The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 28 day of August, 2006.

---
G. KENDALL SHARP
SENIOR DISTRICT COURT JUDGE

Copies to:
sc 8/25
David Amoroso
Counsel of Record